UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Case No. 00 CV 2399 DSD/FLN

Providian Financial Corporation and Providian National Bank, N.A.,

Plaintiffs,

vs.

Zephyr Publishing Corporation, Zephyr Marketing, Thomas L. Crain, and Does 1-25,

Defendants.

**STIPULATION AND ORDER FOR PLAINTIFFS TO ENGAGE IN EXPEDITED DISCOVERY AND FOR ENTRY OF A PERMANENT INJUNCTION**

**WHEREAS**, this action arises from a telemarketing campaign initiated by Defendants in which customers throughout the United States are offered a pre-approved credit card, with a $2,500 credit limit, a below-market interest rate and no annual fee, in exchange for a "processing fee" of $149.95 paid to Defendants,

**WHEREAS**, after receiving personal information from customers, Defendants have applied for Aria credit cards, issued by Plaintiffs, on behalf of many customers;

**WHEREAS**, on October 27, 2000, pursuant to an *ex parte* motion filed by Plaintiffs, the Court entered a Temporary Restraining Order ("TRO") enjoining Defendants Zephyr Marketing and Thomas Crain, together with their officers, agents, servants, employees, and attorneys, from using Plaintiffs' internet web sites, or any other means, to apply for Aria credit cards, or any other credit cards issued by Plaintiffs, on behalf of third party customers or consumers. The TRO also enjoined Defendants Zephyr Marketing and Thomas Crain from transferring, withdrawing or otherwise removing their assets, and further directed Defendants Zephyr

11-21-00

Marketing and Thomas Crain to appear before the Court and show cause why the temporary injunctive relief ordered therein should not be confirmed and a preliminary injunction issued in Plaintiffs' favor;

**WHEREAS**, on October 30, the Court extended the TRO through November 6 and directed the parties to appear before the Court at that time to present arguments on Plaintiffs' motion for a preliminary injunction;

**WHEREAS**, on November 6, pursuant to a stipulation between the parties agreeing to extend the TRO, the Court continued the hearing and extended the TRO through November 20;

**WHEREAS**, the parties have engaged in informal discovery to assist Plaintiffs in evaluating the appropriateness of a stipulated permanent injunction and the possibility of dismissing this action;

**WHEREAS**, the parties have agreed and therefore stipulate to the entry of a permanent injunction, as specified below, with a liquidated damages clause in Plaintiffs' favor in the amount of $20,000 should Defendants violate the permanent injunction, an amount Defendants agree is reasonable and appropriate, together with Plaintiffs' attorneys' fees and costs incurred as a result of any violation of the permanent injunction;

**WHEREAS**, Plaintiffs believe that additional, expedited discovery, primarily of third parties, is needed before they can fairly evaluate dismissal of this action;

**WHEREAS**, the parties have agreed and therefore stipulate that discovery in this action may proceed on an expedited basis effective immediately;

**WHEREAS**, Defendants Zephyr Marketing and Thomas Crain agree and therefore stipulate that Zephyr Publishing Corporation, of which Thomas Crain is the CEO and sole shareholder, be added as a named Defendant herein;

**WHEREAS**, Plaintiffs and Defendants Zephyr Publishing Corporation, Zephyr Marketing and Thomas Crain (collectively "Defendants") agree and therefore stipulate to the release of the cash bond posted by Plaintiffs with the clerk's office at the United States District Court for the District of Minnesota on Friday, October 27.

**NOW, THEREFORE**, the above-named parties, through their respective undersigned counsel, hereby stipulate and agree that:

1. The Court should enter a permanent injunction forever enjoining Defendants, together with their officers, agents, servants, employees, and attorneys, from using Plaintiffs' internet web sites or any other means, to apply for Aria credit cards, or any other credit cards issued now or in the future by Plaintiffs, on behalf of third party customers or consumers.

2. The Court's Order should include a liquidated damages clause directing Defendants, upon any violation of the injunction, to pay damages to Plaintiffs in the amount of Twenty Thousand Dollars ($20,000), together with Plaintiffs' attorneys' fees and costs incurred as a result of Defendants' violation of the permanent injunction.

3. The Court should direct the Clerk of Court to release the cash bond previously posted by Plaintiffs to Plaintiffs' undersigned counsel, together with any accrued interest thereon.

4. The Court may enter an order pursuant hereto, without a hearing or further notice to the parties.

Dated: 11/17, 2000

LEONARD, STREET AND DEINARD
Professional Association

By ______________________
Thomas F. Nelson (#154040)
Todd A. Noteboom (#240047)
Amy R. Brosnahan (#2[illegible]3283)

150 South Fifth Street, Suite 2300
Minneapolis, MN 55402
(612) 335-1500

ATTORNEYS FOR PLAINTIFFS PROVIDIAN FINANCIAL CORPORATION AND PROVIDIAN NATIONAL BANK, N.A.

Dated: 11-17, 2000

LETT LAW OFFICES, P. A.

By ______________________
Brian A. Lett

2940 Harriet Avenue South
Minneapolis, MN 55408
(612) 821-1537

ATTORNEYS FOR DEFENDANTS ZEPHYR PUBLISHING CORPORATION, ZEPHYR MARKETING AND THOMAS L. CRAIN

**ORDER**

Upon the foregoing stipulation, and based on the written consent of Defendants, the Court hereby orders that:

1. Zephyr Publishing Corporation is added as a named Defendant herein.

2. Defendants, together with their officers, agents, servants, employees, and attorneys, are permanently enjoined from using Plaintiffs' internet web sites, or any other means, to apply for Aria credit cards, or any other credit cards issued now or in the future by Plaintiffs, on behalf of third party customers or consumers.

3. Without limiting the remedies available to Plaintiffs, Defendants are directed, upon any violation of the permanent injunction, to pay liquidated damages to Plaintiffs in the amount of $20,000, together with Plaintiffs' attorneys' fees and costs incurred as a result of any violation of the permanent injunction.

4. The parties' stipulated request for expedited discovery is granted, effective immediately.

5. The Clerk of Court is directed to release Plaintiffs' cash bond, posted with the Court on October 27, 2000, together with any accrued interest thereon.

Dated: Nov. 21, 2000

BY THE COURT:

[signature]

The Honorable David S. Doty
United States District Court